UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80349-CIV-MARRA/JOHNSON

GARDENS OUTDOOR, LLC,
a Florida limited liability company,

    Plaintiff,
vs.

CLEAR CHANNEL OUTDOOR, INC,
a Delaware corporation,

    Defendant.
_____/

**ORDER AND OPINION ON MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendant, Clear Channel Outdoor, Inc.'s ("Defendant" or "Clear Channel") Motion to Dismiss Complaint (DE 3). Plaintiff Gardens Outdoor, LLC ("Plaintiff" or "Gardens") filed a response to the motion (DE 6), and Defendant filed a reply (DE 7). The Court has carefully reviewed the motion, the response, and the reply, and is otherwise fully advised in the premises.

**Background**

On February 5, 2009, Plaintiff filed a Complaint against Defendant in state court, which Defendant removed on March 2, 2009 on the basis of diversity of citizenship. See 28 U.S.C. § 1332, 1441, 1446(b). (DE 1). Plaintiff alleges a claim for Breach of Lease Agreement (Count I), arising from a November 13, 2007 Lease Agreement between the parties (the "Agreement"). Comp. Exh A.

This is an action for damages for Defendant's alleged breach of the Agreement, in which Defendant agreed to lease from Plaintiff real property located at 10415 Riverside Dr., Palm

Beach Gardens, Florida, for the purpose of constructing, maintaining and operating an advertising billboard on the Property. Comp. ¶ 9. Specifically, Plaintiff alleges that Defendant breached the Agreement as a result of Defendant's refusal to fulfill its obligations under the Agreement, including making lease payments to Plaintiff. Comp. ¶ 2. Plaintiff alleges that all conditions precedent to the bringing of this action have been met, waived, or otherwise satisfied. Comp. ¶ 8.

Defendant moves to dismiss the Complaint, arguing that the conditions precedent to filing suit were not met because Plaintiff's notice of breach did not provide thirty days to cure and was not sent by certified or registered mail. Plaintiff responds that the conditions precedent were met because the Agreement does not require the notice of default to contain 30 days to cure and that the method of delivery of the May 12, 2008 letter was sufficient.

**Standard of Review**

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. See Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007). To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citing Fed. R. Civ. P. 8); see also Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007); Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346 (2005). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. Roe v. Aware Woman Ctr. for Choice, Inc., 253

F.3d 678, 683 (11th Cir. 2001).  Instead, the complaint need only "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Id. (internal citation and quotation omitted).  "A complaint need not specify in detail the precise theory giving rise to recovery.  All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." Sams v. United Food and Comm'l Workers Int'l Union, 866 F.2d 1380, 1384 (11th Cir. 1989).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1964-65 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. at 1965.  Plaintiff must plead enough facts to state a plausible basis for the claim.  Id.

**Discussion**

The Complaint alleges that all conditions precedent to the bringing of this action have been met, waived, or otherwise satisfied.  Comp. ¶ 8.  Defendant moves to dismiss the Complaint, arguing that the conditions precedent to filing suit were not met because (1) Plaintiff's notice of breach did not provide thirty days to cure; and (2) the notice was not sent by certified or registered mail.

First, Defendant argues that Plaintiff's May 12, 2008 letter noticing Defendant that it had breached the Agreement (the "Notice") was insufficient because it does not contain language

stating that Defendant has thirty days to cure the default. (DE 3 at 3). However, an examination of the Agreement reveals that the Agreement does not require the notice of default to contain such a statement. Rather, the Agreement states that Defendant "shall be in default if: (I) it shall fail to pay the Rent within 15 days after the same is due; (ii) shall fail to cure any other breach of a covenant or agreement of this Lease within 30 days after notice by Landlord; . . ." Comp. Exh. A at ¶ 24.

First, the Complaint alleges that Defendant breached the Agreement by, among other things, failing to pay the rent to Plaintiff, which clearly does not involve the notice requirement or the 30-day period to cure required by ¶ 24 of the Agreement. See Comp. ¶ 32, 33. On this basis alone the Complaint withstands the motion to dismiss. Additionally, Defendant's interpretation of ¶ 24 of the Agreement is incorrect. While Plaintiff was required by the Agreement to provide notice of any breach other than failure to pay rent, the language of the Agreement does not require that the Notice state that Defendant has thirty days to cure a default. See infra. Rather, pursuant to the Agreement, Defendant has thirty days to cure any non-payment breach after notice by the landlord. Comp. Exh. A at ¶ 24. Plaintiff sent notice of default to Defendant on May 12, 2008 and filed suit on February 5, 2009, far longer than thirty days after providing notice of the alleged breach. See DE 1.

Second, Defendant complains that the Notice was delivered by regular mail rather than certified or registered mail. (DE 3 at 3).[1] As explained above, Plaintiff did not have to provide

---

[1] Paragraph 14 of the Agreement states as follows: Any notice to any party under this Lease shall be in writing and sent to the address following the signatures of the parties hereto by certified or registered mail, and shall be effective on the earlier of (a) the date when delivered and receipted for by a person at the address specified within this Lease, or (b) the date which is three (3) days after mailing (postage prepaid) by certified or registered mail, return receipt requested, to such address, provided that in either case notices shall be delivered to such other address as

any notice of breach for Defendant to be in default for failure to pay rent. Comp. Exh. A at ¶ 24. Additionally, the method of delivery of the May 12, 2008 letter would be sufficient unless Defendant did not actually receive the letter. See, e.g., Peninsula Federal Sav. and Loan Ass'n v. DKH Properties, 616 So.2d 1070, 1077 (Fla.3d DCA 1993) ("[I]f the jury finds the letter was actually received by the bank, the notice would be sufficient notwithstanding that the notice was sent by ordinary, rather than certified or registered, mail. We do not think that the use of ordinary, rather than registered or certified, mail is a material deviation from the terms of the contract, so long as the letter was actually received by the bank."). If Defendant claims to not actually have received the letter, it can raise this issue by way of defense.

**Conclusion**

For the reasons stated herein, Defendant's Motion to Dismiss Complaint (DE 3) is DENIED.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 24th day of June, 2009.

_____
KENNETH A. MARRA
United States District Judge

copies to:
All counsel of record

---

shall have been specified in writing by such party to all parties hereto prior to the notice being delivered.