UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80349-CIV-MARRA/JOHNSON

GARDENS OUTDOOR, LLC,
a Florida limited liability company,

     Plaintiff,

vs.

CLEAR CHANNEL OUTDOOR, INC,
a Delaware corporation,

     Defendant.

_____/

## ORDER AND OPINION ON MOTION TO STRIKE

**THIS CAUSE** is before the Court upon Plaintiff Gardens Outdoor, LLC ("Plaintiff" or

"Gardens") Motion to Strike Defendant, Clear Channel Outdoor, Inc.'s ("Defendant" or "Clear

Channel") Affirmative Defenses (DE 11). Defendant filed a response to the motion (DE 12).

Plaintiff failed to file a reply and the deadline to do so has passed. The Court has carefully

reviewed the motion, the response, and the record, and is otherwise fully advised in the premises.

### Background

On February 5, 2009, Plaintiff filed a Complaint against Defendant in state court, which

Defendant removed on March 2, 2009 on the basis of diversity of citizenship. See 28 U.S.C. §

1332, 1441, 1446(b). (DE 1). Plaintiff alleges a claim for Breach of Lease Agreement (Count I),

arising from a November 13, 2007 Lease Agreement between the parties (the "Agreement").

Comp. Exh A. This is an action for damages for Defendant's alleged breach of the Agreement,

in which Defendant agreed to lease from Plaintiff real property located at 10415 Riverside Dr.,

Palm Beach Gardens, Florida, for the purpose of constructing, maintaining and operating an

advertising billboard on the Property.  Comp. ¶ 9.  Specifically, Plaintiff alleges that Defendant breached the Agreement as a result of Defendant's refusal to fulfill its obligations under the Agreement, including making lease payments to Plaintiff. Comp. ¶ 2.  Plaintiff alleges that all conditions precedent to the bringing of this action have been met, waived, or otherwise satisfied. Comp. ¶ 8.

Defendant filed a prior motion to dismiss (DE 3), which the Court denied. <u>See</u> (DE 8/9). The basis for Plaintiff's present motion to strike Defendant's Third Affirmative Defense that the Third Affirmative Defense it is based upon the same arguments that the Court rejected as invalid in its Order denying Defendant's motion to dismiss.

**<u>Standard of Review</u>**

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a party may move to strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" within the pleadings. Fed. R. Civ. P. 12(f).  Motions to strike, however, are generally disfavored by the court. <u>Westfield Ins. Co. v. Northland Ins. Co.</u>, Slip Copy, 2008 WL 4753994, *1 (S.D. Fla. 2008); <u>see</u> <u>Williams v. Jader Fuel Co.</u>, 944 F.2d 1388, 1400 (7th Cir. 1991).  The reason is that courts consider striking a pleading to be a "drastic remedy to be resorted to only when required for the purposes of justice."  <u>Augustus v. Bd. of Pub. Instruction of Escambia County, Fla.</u>, 306 F.2d 862, 868 (5th Cir.1962)[1] quoting <u>Brown & Williamson Tobacco Corp. v. United States</u>, 201 F.2d 819, 822 (6th Cir. 1953).  That stated, an affirmative defense may be stricken if

---

[1] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit.  <u>Bonner v. Pritchard</u>, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

the defense is "insufficient as a matter of law." <u>Microsoft Corp. v. Jesse's Computers & Repair,</u>

<u>Inc.</u>, 211 F.R.D. 681, 683 (M.D. Fla. 2002), <u>citing</u> <u>Anchor Hocking Corp. v. Jacksonville Elec.</u>

<u>Auth.</u>, 419 F. Supp. 992, 1000 (M.D. Fla. 1976).  A defense is insufficient as a matter of law only

if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of

law.  <u>Id.</u>  The Court will address each of the challenged affirmative defenses.

**<u>Discussion</u>**

      In its Third Affirmative Defense: Failure of Conditions Precedent, Defendant asserts that

the conditions precedent to filing suit were not met because Plaintiff's notice of breach did not

provide thirty days to cure and was not sent by certified or registered mail.  These are the exact

arguments raised by Defendant in its motion to dismiss the Complaint.  <u>See</u> DE 3.  The Court

rejected each of them as meritless.  <u>See</u> DE 8/9.

      As to Defendant's argument that Plaintiff's notice of breach did not provide thirty days to

cure, the Court held:

> Defendant's interpretation of ¶ 24 of the Agreement is incorrect.  While
> Plaintiff was required by the Agreement to provide notice of any breach other than
> failure to pay rent, the language of the Agreement does not require that the Notice
> state that Defendant has thirty days to cure a default.  <u>See</u> <u>infra</u>. Rather, pursuant
> to the Agreement, Defendant has thirty days to cure any non-payment breach after
> notice by the landlord. Comp. Exh. A at ¶ 24.  Plaintiff sent notice of default to
> Defendant on May 12, 2008 and filed suit on February 5, 2009, far longer than
> thirty days after providing notice of the alleged breach.  <u>See</u> DE 1.

<u>See</u> DE 8/9 at 4.

      As to Defendant's argument that Plaintiff's notice of breach was not sent by certified or

registered mail, the Court held:

> Defendant complains that the Notice was delivered by regular mail rather

than certified or registered mail. (DE 3 at 3).[2]  As explained above, Plaintiff did not have to provide any notice of breach for Defendant to be in default for failure to pay rent. Comp. Exh. A at ¶ 24.  Additionally, the method of delivery of the May 12, 2008 letter would be sufficient unless Defendant did not actually receive the letter.  See, e.g., Peninsula Federal Sav. and Loan Ass'n v. DKH Properties, 616 So.2d 1070, 1077 (Fla.3d DCA 1993) ("[I]f the jury finds the letter was actually received by the bank, the notice would be sufficient notwithstanding that the notice was sent by ordinary, rather than certified or registered, mail. We do not think that the use of ordinary, rather than registered or certified, mail is a material deviation from the terms of the contract, so long as the letter was actually received by the bank.").

See DE 8/9 at 4-5.

Accordingly, the Court has already rejected Defendant's arguments as invalid as a matter of law.  Thus, Defendant's third affirmative defenses may be stricken.  As the Court stated in its previous Order, "[i]f Defendant claims to not actually have received the letter, it can raise this issue by way of defense." See DE 8/9 at 5.

**Conclusion**

For the reasons stated herein, Motion to Strike Defendant's Third Affirmative Defenses (DE 11) is **GRANTED**.  Defendant's Third Affirmative Defense is hereby **STRICKEN** from the record.  Defendant shall have ten (10) days from the date of this Order to amend its third

---

[2] Paragraph 14 of the Agreement states as follows: Any notice to any party under this Lease shall be in writing and sent to the address following the signatures of the parties hereto by certified or registered mail, and shall be effective on the earlier of (a) the date when delivered and receipted for by a person at the address specified within this Lease, or (b) the date which is three (3) days after mailing (postage prepaid) by certified or registered mail, return receipt requested, to such address, provided that in either case notices shall be delivered to such other address as shall have been specified in writing by such party to all parties hereto prior to the notice being delivered.

affirmative defense, if it can do so in accordance with this Order.

       **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 26th day of October, 2009.

                          _____
                          KENNETH A. MARRA
                          United States District Judge

copies to:
All counsel of record